UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEAMSTERS LOCAL 890, | Case No.: 11-5709 PSG |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| BUD ANTLE, INC., | **(re: Docket No. 5)** |
| Defendant. | |

In this action to compel arbitration, Plaintiff Teamsters Local 890 ("Teamsters") seeks to enforce the terms of a collective bargaining agreement against Defendant Bud Antle, Inc. ("Bud Antle"). Bud Antle moves to dismiss the complaint and petition to compel arbitration on the grounds that the complaint "fails to state a claim upon which relief can be granted and/or lacks subject matter jurisdiction."[1] Teamsters opposes the motion. On February 28, 2012, the parties appeared for oral argument. For the reasons set forth below, the court hereby DENIES Bud Antle's motion to dismiss.

---

[1] Docket No. 5-1 at 2 (Def.'s Mot. To Dismiss).

Case No.: 11-5709
ORDER

1

## I. BACKGROUND

Teamsters is a local labor union affiliated with the International Brotherhood of Teamsters.[2] Bud Antle is a corporation in the vegetable processing business licensed to do business in the state of California.[3] Teamsters alleges that for several decades, the union and Bud Antle have been parties to a Master Agricultural Collective Bargaining Agreement ("Agreement") that covers a unit of employees for whom Teamsters is the exclusive collective bargaining representative.[4] The Agreement governs the processing of grievances between the covered employees and Bud Antle and provides that disputes not resolved through informal measures must be submitted to binding arbitration.[5]

In November 2010, two such grievances arose, independent of one another, and involving Bud Antle's Arizona-based operations. Teamsters filed grievances in accordance with the process set forth in the Agreement.[6] After a series of attempts to informally resolve or "adjust" the grievances with Bud Antle, Teamsters requested to proceed to arbitration on February 24, 2011.[7] After additional efforts to resolve the grievances in conjunction with bargaining over a successor collective bargaining agreement, Teamsters again demanded to arbitrate on October 14, 2011. Bud Antle responded that it had no grievances before it and that arbitration was not available.[8] On

---

[2] Docket No. 1 ¶ 11 (Compl.).

[3] *See id.* ¶ 12.

[4] *See id.* ¶¶ 13-15.

[5] *See id.* ¶ 18 (providing for the aggrieved party to refer the grievance to arbitration before the Federal Mediation and Conciliation Service ("FMCS") and, should the other party fail to respond to the arbitration request or strike arbitrators from the list within the time period, directing that the aggrieved party is "entitled" to select from the FMCS panel of arbitrators under consideration). *See also* Docket No. 1, Ex. A at 8-10 (Master Agricultural Agreement, Bud Antle and Teamsters, 2008-2011).

[6] *See* Docket No. 1 ¶¶ 22-24.

[7] *See id.* ¶ 26.

[8] *See id.* ¶¶ 29-33.

2
Case No.: 11-5709
ORDER

October 21, 2011, Teamsters provided the grievances at issue to Bud Antle, to which Bud Antle replied that the grievances were untimely and that it would not cooperate in arbitration.[9] On November 29, 2011, Teamsters filed this lawsuit in order to compel Bud Antler's participation in arbitration pursuant to the Agreement.

## II. ANALYSIS

Bud Antle frames its motion to dismiss in the alternative, either on Fed. R. Civ. P. 12(b)(6) grounds for failure to state a claim on which relief may be granted, and/or on Fed. R. Civ. P. 12(b)(1) grounds for lack of standing. Both bases for dismissal stem from Bud Antle's position that because it no longer has any business operations in the state of Arizona, where the grievances arose, arbitration would be futile and hence there is no remedy or relief that the court can order. Bud Antle's argument is in essence a practical one: "[w]hat's the point of arbitration when the Defendant has no business operations in Arizona, does not perform any work in Arizona, and thus, there are no remedies available (e.g., no recall rights)?"[10] Bud Antle argues that notwithstanding its obligations under the Agreement and the public policy and presumption favoring arbitration of labor disputes, "arbitration should not be compelled if arbitration would be a futile endeavor."[11]

Teamsters responds that the question of the remedy resulting from the arbitration is distinct from, and irrelevant to, the question of the remedy before this court. Here the remedy sought is to compel the arbitration. Teamsters argues that when determining whether a claim is subject to arbitration, the court must not decide on the potential merits of the underlying claims, but only

---

[9] *See id.* ¶¶ 34-35.

[10] *See* Docket No. 5-1 at 1 (Def.'s Mot. To Dismiss).

[11] *See id.* at 2 (citing *Int'l Bhd. of Elec. Workers, AFL-CIO v. GKN Aerospace N. Am.*, 431 F.3d 624 (8th Cir. 2005); *APWU, AFL-CIO v. East Coast Leasing Inc.*, No. 1:06CV00840, 2006 WL 3068497 (M.D.N.C. Oct. 7, 2006)).

3

Case No.: 11-5709
ORDER

whether the arbitration clause may be interpreted to cover the dispute in issue.[12] Teamsters contends – and Bud Antle does not dispute – that the grievances are covered by the arbitration clause of the Agreement. According to Teamsters, any remedy under the Agreement therefore should be determined according to the considerable discretion afforded to the arbitrator.[13]

**A.  Legal Standards**

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[14] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[15] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[16] The court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[17] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment."[18]

On a motion to dismiss based on lack of standing, the court must evaluate the constitutional requirements of Article III. Of the three Article III requirements for standing, Bud Antle's motion

---

[12] *See* Docket No. 8 at 4 (Pl.'s Opp'n to Def.'s Mot. To Dismiss) (citing *AT&T Technologies, Inc. v. Communication Workers of Am.*, 475 U.S. 643, 649 (1986)).

[13] *See id.* (citing *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).

[14] *See Metzler Inv. GMBH v. Corinthian Colls, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

[15] *See id.* at 1061.

[16] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[17] *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[18] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003).

4

Case No.: 11-5709
ORDER

in this case appears to challenge only redressability, or the likelihood that the injury "will be redressed by a favorable decision."[19]

## B.     Arbitrability of Teamster's Claim

Arbitration is a matter of contract. It is the court's duty to determine, on the basis of the contract, whether compulsory submission to arbitration is appropriate.[20] Although a party cannot be required to submit to arbitration unless it has agreed under the contract, "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."[21] Moreover, "[d]oubts should be resolved in favor of coverage."[22] When deciding whether the parties agreed to submit a particular grievance to arbitration, the court must not decide on the merits of the underlying claim.[23] "[E]ven if it appears to the court to be frivolous, the union's claim that the employer has violated the collective bargaining agreement is to be decided, not by the court asked to order arbitration, but as the parties have agreed, by the arbitrator."[24]

Taking the allegations in the complaint to be true, Teamster's claim is subject to arbitration under the Agreement. The Agreement sets forth a process by which Teamsters is to present and attempt to resolve grievances. Teamsters alleges that, as the representative under the National Labor Relations Act and the Agricultural Labor Relations Act for the employees affected by the

---

[19] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted).

[20] *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 546-47 (1964) ("[W]hether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties. … The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty.")

[21] *See United Steelworkers of Am. V. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-83 (1960)).

[22] *See id.* at 583.

[23] *See AT&T Technologies, Inc.*, 475 U.S. at 649.

[24] *Id.* at 649-50.

5

Case No.: 11-5709
ORDER

grievances, it presented the grievances in accordance with the procedures set forth in the Agreement.[25] Bud Antle has not challenged the sufficiency of these allegations. The court therefore finds that the asserted dispute is covered by the Agreement and should go to the arbitrator for a determination on the merits, unless controlling law or policy dictates otherwise.

### C. Redressability of Teamster's Claim

Bud Antle argues that the arbitrability of the grievances is not determinative in this case, because even if Teamsters could compel the arbitration and be successful, there is no remedy that the arbitrator could order short of rewriting the collective bargaining agreement. "Since Bud Antle is not performing work in Arizona, in order to fashion any remedy at all, an arbitrator would be required to add another company (other than Bud Antle) to the CBA as a signatory in order to enforce any remedy in Arizona."[26] Because this is a remedy unavailable to an arbitrator,[27] Bud Antle argues that the motion to compel arbitration must be denied. Bud Antle also submits the declaration of counsel, who also is the director of labor and employment at Bud Antle's parent company, Dole Food Company, in support of its assertion that the company no longer operates a business in Arizona.[28]

To dismiss the complaint on the grounds urged by Bud Antle would require this court to make dispositive findings of fact that are improper in the context of a motion to dismiss. The court

---

[25] *See* Docket No. 1 ¶¶ 15, 16, 20, 22-34.

[26] Docket No. 9 at 3 (Def.'s Reply to Pl.'s Opp'n to Mot. To Dismiss) (emphasis removed).

[27] *See Int'l Bhd. of Elec. Workers, AFL-CIO*, 431 F.3d at 630 (denying motion to compel arbitration because arbitrator would not be able to find for the union without "in effect, amending the plain language of the collective bargaining agreement").

[28] *See* Docket No. 5, Ex. 2 (Buffington Decl.). Teamsters objects to the declaration on the ground that it improperly seeks to introduce evidence that is outside of the pleadings and is not subject to judicial notice. The court agrees that consideration of this material would be improper without converting Bud Antle's Rule 12(b)(6) motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

6
Case No.: 11-5709
ORDER

cannot assess the viability of any relief that could be ordered by an arbitrator without diving into the details of, for example, the location of Bud Antle's operations, whether the particular grievances require a certain remedy under the terms of the collective bargaining agreement, and whether that remedy or any potential remedy is no longer available due to the alleged cessation of all operations.[29] In the context of a motion to dismiss and in light of well-established precedent that the court refrain from basing an order to compel arbitration on the underlying merits, this analysis would be inappropriate.

Case law cited by Bud Antle does not persuade the court otherwise. In *Int'l Bhd. of Elec. Workers, AFL-CIO v. GKN Aerospace N. Am.*, the court denied a motion to compel arbitration based on a finding that it would not be possible for an arbitrator to decide in favor of the union without amending the language of the collective bargaining agreement.[30] But the decision in *Int'l Bhd. of Elec. Workers* was not premised on a finding that the remedy sought would be impossible to procure without amending the agreement, but rather that "the grievance asserted … does not arise under the agreement, and is not subject to arbitration."[31] Similarly in *APWU, AFL-CIO v. East Coast Leasing Inc.*, an unpublished case from the Middle District of North Carolina, the court denied the union's motion for preliminary injunction because the union's grievances relating to the defendant company's closure and sale of its business assets were not subject to arbitration under

---

[29] Teamsters questions Bud Antle's assertion, through counsel's declaration, that it no longer has Arizona business operations, because in the same declaration counsel seems to suggest that bargaining work is still being performed by other entities. *Compare* Buffington Decl. ¶ 3 ("Bud Antle has no business operations and does not perform any substantive work in Arizona. Bud Antle has no contracts or agreements with any third-party to perform work in Arizona.") *with* Buffington Decl. ¶ 4 ("Any work previously performed by Bud Antle employees in Arizona, if any exists, would necessarily have been and/or is being performed by individuals working for other companies or entities that are not a signatory or party to the [Agreement].").

[30] 431 F.3d at 630.

[31] *See id.* The grievance in that case was based on the company's refusal to return a former member of the bargaining unit to that unit. The court found that the former unit member was not an "employee" within the meaning of the agreement, and so could not be covered by the agreement without an amendment to the agreement itself.

7
Case No.: 11-5709
ORDER

the collective bargaining agreement.[32] Although these cases support the proposition that a court may make a determination regarding arbitrability based on the circumstances presented and applied to the language of the collective bargaining agreement, neither suggests the court shall make that determination based on factual assertions wholly separate from the question of what is covered by the contract language. Moreover, as Teamsters points out, the arbitrator enjoys considerable discretion in fashioning a remedy for grievances subject to arbitration.[33] Where the arbitrator has discretion and flexibility in formulating a remedy "to meet a particular contingency" that may not have been expressly covered in the drafting of the agreement,[34] the court is loath to prematurely find that arbitration would be futile.

The court therefore finds that it has jurisdiction to offer redress to Teamsters' alleged injury in the form of an order to compel arbitration. In addition, Teamsters has stated a claim upon which relief may be granted because, taking the allegations as true, Teamsters' grievances are subject to the Agreement.

### III. CONCLUSION

For the reasons explained above, Bud Antle's motion to dismiss is hereby DENIED.

Dated: 2/29/2012

                                                                  Paul S. Grewal
                                                                  PAUL S. GREWAL
                                                                  United States Magistrate Judge

---

[32] *See* 2006 WL 3068497 at *4-8.

[33] *See United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960) (noting that an arbitrator brings his "informed judgment to bear in order to reach a fair solution of a problem," especially when "formulating remedies").

[34] *See id.*

8

Case No.: 11-5709
ORDER